BRYAN, Judge,
dissenting.
This case involves the proposed relocation of the principal residence of a child. The .Alabama Parent-Child Relationship Protection Act, § 30-3-160 et seq., Ala. Code 1975, sets forth a presumption in § 30-3-169.4, Ala.Code 1975, which states:
“In proceedings under this article ..., there shall be a rebuttable presumption that a change of principal residence of a child is not in the best interest of the child. The party seeking a change of *240 principal residence of a child shall have the initial burden of proof on the issue. If that burden of proof is met, the burden of proof shifts to the non-relocating party.”
Because I disagree that Beth Von Oepen Trammell overcame the presumption found in § 30-3-169.4 so as to shift the burden of proof to David Von Oepen, I respectfully dissent from the no-opinion affirmance, which upholds the trial court’s implicit finding to the contrary. See my special writing in Parker v. Parker, [Ms. 2071226, June 19, 2009] — So.3d -, - (Ala.Civ.App.2009)(Bryan, J., concurring in the judgment of affirmance in part and dissenting in part).
MOORE, J., concurs.